UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| AIX SPECIALTY INSURANCE COMPANY, | § § § | |
| Plaintiff | § § | |
| vs. | § § | Civil Action No. _____3:23-cv-6_____ |
| PREFERRED POOLS OF HOUSTON, INC., WILLIAM TAYLOR and PAULA TAYLOR | § § § § § | |
| Defendants. | § § | |

### **PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, AIX SPECIALTY INSURANCE COMPANY (hereinafter "AIX"), and files its Complaint for Declaratory Relief against PREFERRED POOLS OF HOUSTON, INC. ("Preferred Pools"), WILLIAM TAYLOR and PAULA TAYLOR (collectively "Defendants"), and in support thereof, would respectfully show the court as follows:

### **NATURE OF THE SUIT**

1.  This is a declaratory judgment action, based on diversity jurisdiction, whereby Plaintiff seeks a declaration of legal rights concerning coverage under a General Liability Insurance Policy. This action seeks to determine if there is coverage under AIX's policy issued to Preferred Pools arising out of a lawsuit brought by William and Paula Taylor (collectively "the Taylors") in connection with a construction project which the Taylors contracted Preferred Pools to design, construct and install a swimming pool. Specifically, AIX seeks a judicial declaration that AIX has no duty to defend or indemnify Preferred Pools, as the named insured,

in the lawsuit styled *William Taylor, et al. vs. Preferred Pools of Houston, Inc.* under case number 22-CV-2085 in the 405th Judicial District Court in Galveston County, Texas ("Underlying Lawsuit").

## JURISDICTION AND SERVICE OF PROCESS

2. This Court has jurisdiction pursuant to diversity jurisdiction, 28 U.S.C. §1332, for civil actions between citizens of different states.

3. AIX is an insurance company formed under the laws of the State of Delaware, with its principal place of business in the State of Massachusetts. Therefore, pursuant to 28 U.S.C. § 1332(c)(1), AIX is a citizen of Delaware and Massachusetts.

4. Preferred Pools of Houston, Inc. is a for profit corporation formed under the laws of the state of Texas with its principal place of business located at 1130 Winfield Lane, Kema, Texas 77565. Therefore, it is a citizen of the State of Texas. It may be served with process by and through its registered agent, David B. Russell, at 1130 Winfield Lane, Kema, Texas 77565.

5. William Taylor is an individual who resides in the state of Texas. Therefore, he is a citizen of Texas for purposes of federal court jurisdiction. He may be served with process at 847 Coastal Court, League City, Texas 77573.

6. Paula Taylor is an individual who resides in the state of Texas. Therefore, she is a citizen of Texas for purposes of federal court jurisdiction. She may be served with process at 847 Coastal Court, League City, Texas 77573.

7. The amount in controversy in this case is in excess of $75,000, exclusive of interest and costs. AIX seeks a declaration regarding the duty to defend and/or indemnify Preferred Pools in the Underlying Lawsuit filed by the Taylors. In the petition in the Underlying Lawsuit, the Taylors seek monetary relief over $1,000,000.

## VENUE

8. Venue is proper in this Court under 28 U.S.C. §1391(a)(1) because at least one defendant resides within this District and within this Division.

## FACTUAL ALLEGATIONS

9. This action arises out of a present controversy between AIX and Preferred Pools regarding the duties of AIX to defend or indemnify Preferred Pools in the Underlying Lawsuit.

10. The Underlying Lawsuit alleges the Taylors hired Preferred Pools to design, construct and install a swimming pool on their property between the residence and bulkhead wall that fronts the canal at the back of the property.

11. The Underlying Lawsuit further alleges that construction began in 2020. The Taylors claim they were able to use the pool for a short period of time before they were able to see visual indications of pool failure and, in June 2021, they noticed cracking in the hardscape around the pool, significant shifts in the retaining wall and bulkhead and cracking in the boathouse structure. The Taylors contend that the swimming pool was riddled with construction defects which caused significant damage to their property and bulkhead and by the end of October 2021, the pool "succumbed to catastrophic failures."

12. The Taylors have sued Preferred Pools for construction defects and associated damages. The Underlying Lawsuit asserts causes of action for negligence, breach of contract, breach of implied warranty, breach of express warranty, and violations of the Texas Deceptive Trade Practices Act.

13. AIX insured Preferred Pools Houston, Inc. under two Policies. Policy No. SIZGL4449A218157 had a policy period from May 16, 2019 to May 16, 2020. Policy No. SIZGL4449A235307 had a policy period from May 16, 2020 to May 16, 2021.

14. The Policies contain identical coverage forms and endorsements. The Policies contain Commercial General Liability Coverage form AIX GL 00 02 0818. The insuring agreement in this form reads in pertinent part as follows:

> **SECTION I – COVERAGES**
> **COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY:**
>
> **1. Insuring Agreement**
>    a. We will pay those sums that the insured becomes legally obligated to pay as "damages" for "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend you, the Named Insured, against any "suit" seeking "damages" to which insurance applies, and which is timely reported to us as provided hereunder. Except as otherwise provided in this policy, we have no duty to defend any other insured. Our duty to defend you is further limited as provided below and in the exclusions made part of this policy. We will have no duty to defend any insured against any suit seeking damages for bodily injury or property damage to which this insurance does not apply and/or which is not timely reported to us. We may at our discretion investigate any occurrence and settle any claim or suit that may result. But:
>     (1) The amount we will pay for "damages" is limited as described in Section IV – Limits of Liability;
>     (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of "damages" medical expenses, and/or "claim expenses" under Coverage A, B and/or C;
>     (3) It is expressly understood and agreed that "claim expenses" (including defense expense) are included within, and are not in addition to, the Limits of Liability set forth in the Declarations;
>     (4) As noted in 1(a) above, we have no duty to defend any insured other than Named Insured. However, we shall have no duty or obligation to defend the Named Insured in connection with any "claim" or "suit" where any other insurer is obligated to defend the insured, and we shall have no duty to contribute to or participate in the defense provided by any other such insurer. We shall have the right but not the obligation to defend any insured in connection with any "claim" or "suit" under these circumstances and/or where the insured has any other insurance under which, for

       the existence of this Policy, any other insurer is obligated to provide a defense; and

(5) We may look to and consider extrinsic evidence outside of the allegations and/or facts pleaded by any claimant to determine whether we owe a duty to defend or indemnify against any "claim" or "suit". We may, at our discretion, investigate any "occurrence" and settle any "claim" or "suit" that may result.

c. To the extent we pay any sums in connection with the defense or indemnity of any insured hereunder, we reserve the right to seek and obtain reimbursement for any sums paid in connection with the defense and/or indemnity of non-covered claims.

      \*      \*      \*

15. The Policies contain the following exclusion related to subsidence or movement of land, which provides as follows:

> **2. Exclusions**
> This insurance does not apply to:
>
>       \*      \*      \*
>
> p. **Subsidence, Movement, or Vibration of Land**
> "Bodily injury" or "property damage" arising out of, resulting from, caused by, contributed to by, or in any way related, in whole or in part, to the subsidence, movement, or vibration of land or soil, including, but not limited to, earthquake, landslide, cave-in, collapse, loss of lateral support, failure, erosion, mud flow, sink hole, change in level of the soil, or any sinking, rising, settling, cracking, shifting, vibration, expansion or contraction of the earth or soil, or any other movement of earth by whatever cause. There is no coverage for any "claim", "suit", or "occurrence", arising or involving in whole or in part any actual or alleged subsidence, movement, or vibration of land or soil regardless of any other cause or event (natural or man caused) contributing or concurring, in any sequence, to the loss, liability, or damages. This exclusion applies whether or not the subsidence, movement or vibration occurs in conjunction with any other cause.
>
> This exclusion applies:
> (1) To any earth movement, subsidence, or vibration, including but not limited to, any defects in materials, construction methods, negligence in performance, design, construction,

5

        selection of materials or any other activity which is alleged to have caused the earth movement solely, jointly, concurrently or in any other sequence the earth movement;

(2)    To any claim, suit, proceeding or expense associated with the prevention, mitigation or repair of any earth movement or vibration; and

(3)    To any claim, suit or proceeding alleging earth movement or vibration regardless of whether or not the insured performed grading or other service related to the movement of earth or vibration.

Notwithstanding the broad scope of this exclusion, where a suit is based in whole or in part upon bodily injury or property damage that is excluded by this exclusion, we shall have the right, but not the obligation, to defend any insured in connection with the claim or suit.

16. The Underlying Lawsuit alleges that the damages arise out of, are contributed to, or are in some way related, in whole or in part, to movement of the earth under and around the pool and between the pool and bulkhead. There is no coverage under the Policies for such damages. AIX has no duty to defend or indemnify Preferred Pools.

17. On October 28, 2022, AIX first learned of claim for a defense and indemnity by Preferred Pools in connection with the Underlying Lawsuit. AIX assigned claim number AX001510 to the claim. AIX is currently defending Preferred Pools in the Underlying Lawsuit under a full and complete reservation of rights.

## CLAIM FOR DECLARATORY RELIEF

18. A dispute has arisen between AIX, on the one hand, and Preferred Pools on the other, with respect to whether the claims against them in the Underlying Lawsuit come within coverage of the Policies issued by AIX.

19. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. 2201 *et seq.*, AIX hereby requests that this Court declare the rights and obligations of the parties with respect to

such Policy and the Underlying Lawsuit. Specifically, AIX seeks a declaration that it owes no duty to defend Preferred Pools and no duty to indemnify them from the claims in the Underlying Lawsuit.

20. The Taylors, as claimants in the Underlying Lawsuit, potentially have interest in the subject matter of this claim for declaratory relief. Such claimants should be joined as parties who may have an interest in the declaration. *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941).

## CONDITIONS PRECEDENT

21. All conditions precedent to AIX securing such declaratory relief have been performed or have occurred.

## PRAYER FOR RELIEF

22. AIX hereby prays that this Court declare the rights and liability of the parties to this case, and specifically prays that this Court declare that AIX owes no duty to defend or indemnify Preferred Pools from the claims in the Underlying Lawsuit, and for such other and further relief to which AIX shows itself justly entitled.

Respectfully submitted,

EGGLESTON & BRISCOE, LLP
333 Clay Street, Suite 4800
Houston, Texas 77002
(713) 659-5100 - Tel
(713) 951-9920 - Fax

By: /s/ *Tracy Jackson Cowart*
    Tracy Jackson Cowart
    Attorney-In-Charge
    State Bar No. 00789398
    Federal Bar No. 1759

ATTORNEY FOR PLAINTIFF
AIX SPECIALTY INSURANCE COMPANY